W. WEST ALLEN (NV SBN 5566)
wallen@lrlaw.com
CHRISTOPHER M. LAW (NV SBN 9850)
claw@lrlaw.com
**LEWIS AND ROCA LLP**
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

MARCY J. BERGMAN (CA SBN 75826)
ROBERT A. PADWAY (CA SBN 48439)
VIJAY K. TOKE (CA SBN 215079)
LEILA C. KNOX (CA SBN 245999)
**COOPER, WHITE & COOPER LLP**
201 California Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Plaintiff
COST PLUS MANAGEMENT SERVICES, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COST PLUS MANAGEMENT SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WORLD MARKET CENTER VENTURE, LLC, a Nevada Limited Liability Company. <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, DILUTION AND UNFAIR COMPETITION** <br><br> **JURY DEMAND** |

1. Plaintiff Cost Plus Management Services, Inc., doing business as World Market and Cost Plus World Market ("World Market" or "Plaintiff"), is a California corporation having its principal place of business in Oakland, California.

2. On information and belief, defendant World Market Center Venture, LLC ("World Market Center" or "Defendant") is a Nevada limited liability company having its place of business in Las Vegas, Nevada.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.*

4. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the Trademark Laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. For more than 40 years, World Market has specialized in the importation and sale of unique merchandise from all over the world, and it is particularly well known for its furniture, home décor, tabletop and kitchen accessories, collectibles, and gourmet food and wine. From the first importation of hand-woven wicker baskets sold at a single store at Fisherman's Wharf, San Francisco, in 1958, to today's 286 stores in 35 states, World Market's mission is to be a specialty retailer offering a wide and ever-changing selection of exciting products imported from around the world.

7. The company's retail stores have now expanded across the country from California to Florida, using the WORLD MARKET and COST PLUS WORLD MARKET marks. COST PLUS WORLD MARKET stores opened in Nevada in 1995. WORLD MARKET stores are also located in California, Arizona, New Mexico, and Colorado, along with 30 other states.

8. The WORLD MARKET brand is used on a variety of products sold at Plaintiff's retail locations, and in particular has been used extensively on products including furniture, decorative items, accessories, food products and other homeware items.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

70314.1

9. World Market launched a website in April 1999, located at www.worldmarket.com, providing key product and store information regarding its retail stores throughout the country. In December 2005 World Market launched its e-commerce website and currently sells goods, including furniture, in all 50 states.

10. World Market has spent a considerable amount of money and resources to promote its WORLD MARKET mark. In just the past 24 months, approximately $250 million dollars has been devoted to promote the WORLD MARKET mark for retail services and products.

11. In 1999 World Market filed applications to register the WORLD MARKET mark for a broad range of goods and services, including furniture, picture frames, rugs, wooden boxes, wood carvings, jewelry boxes, sculptures, and other decorative items, along with household items, such as wastepaper baskets, decorative boxes, kitchen goods, food and beverage products, personal care products, and an assortment of other goods. The company has continued to use the WORLD MARKET mark throughout the United States on a broad and ever-growing range of merchandise.

12. The United States Patent and Trademark Office ("USPTO") has issued 23 federal registrations to World Market for the WORLD MARKET and COST PLUS WORLD MARKET marks. Attached as Exhibit "A" are true and correct USPTO database records reflecting registrations for WORLD MARKET, WORLD MARKET & GLOBE Design, COST PLUS WORLD MARKET, and other variations of the WORLD MARKET mark. The first registration was obtained as early as 1993 and reflects a first-use date of 1992; this registration is for retail store services featuring general merchandise.

13. In May 2006, Plaintiff became aware that Defendant was using the mark WORLD MARKET CENTER for a large home furnishings showroom and convention complex in Las Vegas, Nevada. According to the WORLD MARKET CENTER website, "World Market Center is an integrated home and hospitality contract furnishings showroom and convention complex in Las Vegas. . . . When fully built, at 12 million

square feet in 8 buildings, World Market Center will be the largest trade show complex in the world. The 12 million square foot campus . . . will showcase furniture, decorative accessories, lighting, area rugs, home textile and related segments as well as a Design Center (LVDC) open year-round to the trade." (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "B".) WORLD MARKET CENTER offers a mix of permanent and temporary exhibitors in the home furnishings area. Its newly opened "Building B" is a 16 story, 1.6 million square foot structure that will be home to more than 300 permanent showrooms for leading manufacturers in the home furnishings industry and to nine home furnishings and design trade associations. (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "C".) The building will also house a restaurant which will be open to the general public during non-Market times. (See Exhibit "C", attached.) Plans are underway for construction of a third building, "Building C", which will increase the total space occupied by WORLD MARKET CENTER to 6 million square feet of permanent and temporary exhibit space for the home furnishings industry, including two floors of floor coverings goods, including rugs. (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "D".)

14. WORLD MARKET CENTER showrooms feature a broad array of goods from around the world and, in particular, bring international brands and products to the WORLD MARKET CENTER. For example, in July 2006, WORLD MARKET CENTER hosted a display of the handcrafts and decorative art of Mexico. (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "E".)

15. WORLD MARKET CENTER promotes its services to the home furniture and furnishings industry, to the design industry, to architects and to the general public. In addition to the intense and pervasive marketing of WORLD MARKET CENTER to those interested in home furnishings, design and decoration, WORLD MARKET CENTER has

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

70314.1

promoted itself to the general public through a variety of events, such as its partnership with the Las Vegas Grand Prix: "Through a strategic partnership with Vegas Grand Prix, we are working with the event's organizers to leverage World Market Center's campus for the prime location of staging hospitality suites and key event facilities. World Market Center's site will provide among the best opportunities for viewing the race and will certainly help to draw a base of tourists and residents to be a part of this spectacular downtown event." (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "F".) In March of 2006, WORLD MARKET CENTER hosted the Bravo television series "Queer Eye" and worked to promote and place its WORLD MARKET CENTER vendors in the show. Dana Pretner, Director of Marketing & Public Relations for World Market Center, stated in a press release, "This kind of media exposure not only benefits the city, but also has synergy for World Market Center as it will highlight our year-round Design Center to an international and affluent audience. . . . Brand integration and the art of product placement is an excellent marketing strategy for World Market Center and our tenants. As our complex emerges as an international showcase for home and design, part of the formula is to support innovative new products and elevate the home furnishings industry in ways that allow them to expose their brands to consumers." (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "G".)

16.     Recently, WORLD MARKET CENTER moved beyond the realm of home furnishings and hosted the first "Grand Gourmet Safari" in Las Vegas in September 2006. "This event will give gourmet enthusiasts the opportunity to attend cooking and wine pairing demonstrations, sample wines from vineyards across five continents, listen to lifestyle experts, enjoy live entertainment, taste gourmet food prepared by Master Chefs from around the world and participate in an auction for the benefit of young hospitality students." (A true and correct copy of the press release located on the World Market Center Website is attached as Exhibit "H".)

///

17.     By letter dated May 26, 2006, World Market's lawyers protested the infringing use of the WORLD MARKET mark by World Market Center. (A true and correct copy of the cease and desist letter sent to Defendant is attached as Exhibit "I".) World Market Center's attorney, Andrew Sedlock, responded to the initial cease and desist letter by promising a substantive response to the claims outlined. Several follow-up calls and letters were directed to Mr. Sedlock; however, no substantive response was provided. On several occasions, Mr. Sedlock indicated that he was working with his client to make a substantive response and proposal. (True and correct copies of the follow-up emails are attached as Exhibit "J".)

18.     In November 2006, World Market learned that the WORLD MARKET mark was being used in connection with the retail sale of goods sourced from Defendant's WORLD MARKET CENTER. These goods are not genuine WORLD MARKET products, and have no connection by source, sponsorship or affiliation with genuine WORLD MARKET furniture. (A true and correct copy of a photograph depicting a retail establishment using the WORLD MARKET mark in connection with furniture sales is attached as Exhibit "K".) World Market believes that its WORLD MARKET trademark is currently being used in Las Vegas by retailers who obtain furniture from WORLD MARKET CENTER and resell it to the general public using the WORLD MARKET mark.

19.     On November 29, 2006, counsel for World Market sent a cease and desist letter to attorney Sedlock, referencing the retail use of the WORLD MARKET mark in connection with goods sourced at World Market Center. (A true and correct copy of the November 29th letter is attached as Exhibit "L".) On November 30, 2006, counsel for WORLD MARKET CENTER filed a Complaint for Declaratory Relief, State Trademark Infringement and Declaratory Relief Concerning Nevada Unfair Competition and Deceptive Trade Practices naming Cost Plus, Inc., as a Defendant (Case No. 2:06-CV-01552-LDG-PAL). On December 2, 2006, counsel for World Market contacted attorney Sedlock requesting a response to the November 29, 2006, letter. Counsel did not disclose

the existence of the declaratory relief complaint, but did acknowledge that his client was aware of infringing uses of the WORLD MARKET mark for retail sales of furniture and acknowledged that such furniture was being sourced at WORLD MARKET CENTER. Counsel indicated that WORLD MARKET CENTER was trying to stop those retailers from using the WORLD MARKET mark in connection with the retail sale of furniture.

20. On December 13, 2006, Defendant filed a complaint in District Court for Clark County against Dreamscape, Inc. a retailer of furniture in the Las Vegas area ("Dreamscape Complaint") alleging trademark infringement and deceptive trade practices. (A true and correct copy of the Dreamscape Complaint is attached as Exhibit "M".) The Dreamscape Complaint alleges that Dreamscape has purchased furniture from vendors at the WORLD MARKET CENTER furniture showroom and sold that furniture to the general public at its retail store at 1212-1222 South Rainbow Blvd., Las Vegas, Nevada. (Dreamscape Complaint, ¶¶ 15 and 16.) The Dreamscape Complaint further alleges that Dreamscape sent a letter to its customers indicating that it plans to change its name to "World Market Liquidators" and that through World Market Liquidators it will enable the public to purchase WORLD MARKET CENTER products at wholesale prices. (Dreamscape Complaint, ¶¶ 16, 17 and 19.) The Complaint also alleges that Dreamscape has infringed on the WORLD MARKET CENTER trademark by advertising using the World Market Liquidator mark in publications throughout the Las Vegas area, offering furniture from WORLD MARKET CENTER direct to the public. (Dreamscape Complaint, ¶¶ 22 and 23.)

21. The Dreamscape Complaint alleges that Dreamscape's "use of WMC's WORLD MARKET CENTER and WORLD MARKET CENTER LAS VEGAS marks (or reproductions, counterfeits, copies or colorful (sic) imitations thereof) is likely to cause confusion or mistake among consumers or result in deception as to the source or origin of such goods and services." (Dreamscape Complaint, ¶ 33.) WORLD MARKET CENTER seeks injunctive relief prohibiting Dreamscape from using the WORLD MARKET CENTER and WORLD MARKET CENTER LAS VEGAS marks.

22.     World Market is informed and believes that other retailers in the Las Vegas area are obtaining furniture and other goods at WORLD MARKET CENTER and selling those goods at retail to customers in the Las Vegas area using the WORLD MARKET mark.

23.     The goods offered for sale at WORLD MARKET CENTER are similar to the goods offered for sale by WORLD MARKET, and they are sold within the same geographical area and to similar customers.

24.     World Market has notified Defendant both orally and in writing of World Market's rights in the WORLD MARKET and COST PLUS WORLD MARKET marks, and has repeatedly requested that Defendant discontinue all use of the WORLD MARKET CENTER mark. Defendant has failed and refused to cease using the WORLD MARKET CENTER mark on its signs, website, advertising, promotional materials, and in other ways in connection with its business. World Market is informed and believes that Defendant continues to use and promote itself and its services and goods using the WORLD MARKET CENTER mark.

25.     World Market is informed and believes that Defendant WORLD MARKET CENTER knew of the existence of WORLD MARKET retail stores and goods and knew about the numerous U.S. trademark registrations owned by World Market for the WORLD MARKET and COST PLUS WORLD MARKET marks prior to adopting the WORLD MARKET CENTER mark, and knew about the globe design trademark used by WORLD MARKET in connection with its services.

## ALLEGATION OF IRREPARABLE HARM

26.     By reason of Defendant's acts and actions, World Market has suffered and will continue to suffer damage to its business, reputation, and goodwill. Unless restrained and enjoined, Defendant will continue to engage in the acts complained of herein and irreparably damage World Market. World Market's remedy at law is not adequate to compensate World Market for all the injuries resulting from Defendant's actions.

# FIRST CLAIM FOR RELIEF
## (Trademark Infringement in Violation of 15 U.S.C. Section 1114)

27. World Market realleges and incorporates herein by reference paragraphs 1 through 26 of this Complaint.

28. Defendant has, on or in connection with its retail products and packaging, used in commerce subject to regulation by the U.S. Congress a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered trademarks WORLD MARKET, WORLD MARKET & GLOBE Design and COST PLUS WORLD MARKET in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

29. Defendant has, on or in connection with the services and products offered for sale at WORLD MARKET CENTER, reproduced, counterfeited, copied and/or imitated Plaintiff's registered trademarks WORLD MARKET, WORK MARKET & GLOBE Design and COST PLUS WORLD MARKET and has applied such reproduction, counterfeit, copy and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

30. Defendant is acting and has acted with knowledge that the mark is a counterfeit mark and such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

31. Defendant's acts are in violation of 15 U.S.C. § 1114, and Plaintiff has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation in Violation of 15 U.S.C. § 1125(a))

32. World Market realleges and incorporates herein by this reference the allegations set forth in paragraphs 1 through 31 herein.

33. Defendant's use of WORLD MARKET CENTER in connection with the offering of services and sale of general merchandise and goods is a false designation of origin and a false representation, and wrongfully and falsely designates the origin of Defendant's services and goods as originating or being associated or affiliated with World Market, and is a false description or representation in interstate commerce in violation of 15 U.S.C. § 1125(a). Defendant's use of WORLD MARKET CENTER in connection with its services and the sale of merchandise and goods is likely to cause confusion or mistake among consumers or those in the relevant trade and industry, or to deceive such persons as to the affiliation, connection, endorsement, sponsorship or association of Defendant's WORLD MARKET CENTER services and goods with World Market's genuine WORLD MARKET services and goods.

34. Defendant's acts are intentional and willful and World Market has been and is likely to be damaged by these acts.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c))**

35. World Market realleges and incorporates herein by this reference the allegations set forth in paragraphs 1 through 34 herein.

36. Defendant has, in connection with its services and the sale of goods, used a mark that is confusingly similar to World Market's WORLD MARKET and COST PLUS WORLD MARKET marks, thereby causing a dilution of the distinctive quality of the WORLD MARKET and COST PLUS WORLD MARKET trademarks and the goodwill represented thereby.

37. World Market's WORLD MARKET and COST PLUS WORLD MARKET service marks and trademarks are famous and Defendant has used and is using the WORLD MARKET CENTER mark in a manner that is confusingly similar to the WORLD MARKET and COST PLUS.

WORLD MARKET marks, after the WORLD MARKET and COST PLUS WORLD MARKET marks became famous.

38. On information and belief, World Market believes that Defendant has acted with knowledge of the fame and reputation of WORLD MARKET and World Market's marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public by Defendant's use of the mark WORLD MARKET CENTER.

39. Defendant's acts complained of herein violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1). Defendant's actions have diluted, blurred, and tarnished the strong and positive associations represented by World Market's WORLD MARKET and COST PLUS WORLD MARKET marks by lessening the capacity of World Market's marks to identify and distinguish World Market's retail stores and goods and by causing World Market's marks to be associated with services and goods not made, sponsored, endorsed or approved by World Market.

40. As a direct and proximate result of the acts complained of herein, World Market has suffered serious damage, and, unless Defendant is restrained, World Market will continue to suffer damages and injury to its reputation and goodwill.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

41. World Market realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40 herein.

42. Upon information and belief, Defendant intentionally and purposefully adopted a name and logo to create the false and misleading impression that there was a business relationship, association, affiliation, or sponsorship between its business and World Market.

43. Upon information and belief, Defendant adopted the name WORLD MARKET CENTER and its orange and blue logo featuring its name below a small globe in an attempt to make its business name and logo resemble the WORLD MARKET trademark and logo as much as possible in order to unfairly create the false impression to the public that the two businesses are related.

44. As a direct and proximate result of Defendant's actions, the public at large is likely to be confused, and World Market will suffer irreparable injury unless the Defendant is enjoined.

45. As a direct and proximate result of Defendant's actions, World Market has been injured in an amount exceeding $10,000, to be further determined at trial, and requests an award of attorney's fees incurred as a result of bringing and prosecuting this action.

## DEMAND FOR JURY TRIAL

World Market hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, World Market prays for judgment in its favor and against Defendant and for:

A. A preliminary and permanent injunction enjoining Defendant, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from using the WORLD MARKET CENTER trademark or WORLD MARKET CENTER globe logo, or any other name or mark confusingly similar to WORLD MARKET, and/or the WORLD MARKET globe logo, on products, labels and packaging, in advertising or in connection with home and hospitality furnishings showroom services, convention center services, and/or sale of goods.

B. An Order directing Defendant to file with this Court and serve on Plaintiff's counsel within 30 days after service of an injunction a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

C. An Order that all signs, publications, materials, web sites, advertisements, brochures, and all other printed or electronically stored matter or works that may be viewed with the aid of a machine, bearing or showing the mark or name WORLD MARKET CENTER, the WORLD MARKET CENTER globe logo, WORLD

1 | MARKET, or any variations thereof, be delivered to World Market's counsel or
2 | destroyed.
3 |      D.    An accounting for Defendant's profits arising from Defendant's
4 | unfair competition and trademark infringement and an award of Defendant's profits to
5 | Plaintiff.
6 |      E.    Damages sustained by Plaintiff.
7 |      F.    In the alternative to actual damages and profits, an award of
8 | statutory damages in an amount of not more than $1,000,000 per counterfeit mark per
9 | type of services and/or goods sold or offered for sale by Defendant.
10 |      G.    An award of treble the actual damages awarded.
11 |      H.    Pre-judgment and post-judgment interest on the above damage
12 | awards.
13 |      I.    An award of costs and reasonable attorney's fees and expenses
14 | incurred by World Market in connection with this action.
15 |      J.    Such other and further relief which this Court may deem just.
16 | Respectfully submitted

DATED: February 7, 2007          LEWIS & ROCA LLP

By:     /s/
    W. West Allen
    Christopher M. Law
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada 89169

    Marcy J. Bergman
    Robert A. Padway
    Vijay K. Toke
    Leila C. Knox
    COOPER, WHITE & COOPER LLP
    201 California Street, 17th Floor
    San Francisco, CA 94111

    Attorneys for COST PLUS MANAGEMENT
    SERVICES, INC.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89109

70314.1